UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS E. GROGG,<br><br>Defendant. | No. 2:06-cr-00008-JKS<br><br>ORDER |

    Douglas E. Grogg is charged in an indictment with one count of theft of government property in violation of 18 U.S.C. § 641. The government alleges that Grogg, a government employee, was authorized to seek and obtain travel and housing reimbursement funds to cover the actual expenses he and his family members incurred in connection with Grogg's relocation and the relocation of the members of his family from Pennsylvania to California. The government further alleges that in order to obtain reimbursement Grogg was obligated to fill out certain government forms and provide certain information to the government. He was required to identify the family members who were traveling with him. That a dependent child was under the age of 21 and that dependent children for whom reimbursement was sought were actually accompanying the traveler were material facts to be included in the forms. The government contends that Grogg misrepresented the age of his daughter (by falsifying her date of birth) and the number of dependents who would be traveling with him (by representing that his daughter and son would be accompanying him during the automobile trip from Pennsylvania to California) in order to obtain reimbursement in excess of what he knew he was entitled to receive. The court has provided the parties preliminary jury instructions governing its view of the relevant law based upon the facts disclosed during pretrial preparation for the trial.

Grogg seeks additional instructions that would permit a mistake of law defense.[1] His proposed instructions are attached to this order as exhibits. The court must charge on a defense theory for which there is foundation in the law and the evidence. *See e.g. United States v. Faust*, 850 F.2d 575 (9th Cir.1988), but the court is not obligated to give an instruction submitted by the defense or any particular instruction so long as the defense theory is adequately addressed in the instructions. *Id* at page 583-84. Grogg has not furnished the court with citations to the specific statutes and regulations upon which he predicates his mistake of law defense. He has not presented a factual basis for a mistake of law defense in this case. In his proffer his argument seemed limited to the claim that he had misrepresented his daughter's age and not to the charge that he claimed that more dependents accompanied him than in fact accompanied him. He does not point specifically to any regulation governing travel reimbursement.[2] He contends that he was misled regarding his right to claim his daughter as a dependent by the Internal Revenue Code which permitted him to claim her as a dependent for purposes of his income taxes past her 21st year so long as she was a full time student and by a regulation not otherwise identified which permitted him to claim her as a dependent for some purposes until she was 23. He does not contend that any of the legal statements upon which he relies actually authorized his conduct or even addressed reimbursement for travel expenses.[3] He argues that he mistakenly but in good faith relied upon his mistaken impressions of the general laws governing claiming children as dependents in formulating his representations to his employer. He relies upon *Cheek v. United States*, 498 U.S. 192 (1991), and other related tax cases. *See also Ratzlaf v. United States*, 510 U.S. 135 (1994) (to convict of "structuring" government must prove that defendant knew his conduct was unlawful) superceded by statute. *See United States v. Pang*, 362 F.3d 1187 (9th

---

[1] No one contends that § 641 describes what has been called a public welfare offense or a regulatory offense. *Morissette* holds that it is not a public welfare offense.

[2] Grogg does not contend that he mistakenly relied upon any information he received in connection with his travel. He does not point to ambiguities in the materials that accompanied the forms he filled out.

[3] If a regulation specifically authorized Grogg's actions he would be entitled to a judgment of acquittal as a matter of law.

Cir.2004). In order to address Grogg's argument it is necessary to look at § 641 and determine what *mens rea* governs the *actus reus*.[4]

In *Morissette v. United States*, 342 U.S. 246 (1952), the Supreme Court interpreted § 641 as a consolidation of common law theft related offenses expanded to eliminate certain common law anachronisms. Viewed in this way Congress is concerned with conduct: taking and carrying away property and with a result permanently depriving the owner of that property. So far inferring a *mens rea* of knowing conduct and purpose to achieve a result would seem to satisfy the statute. The *Morissette* court concluded that to do so would be to risk punishing the truly innocent. The court therefore held that a *mens rea* regarding the surrounding circumstances was also required, namely, knowledge that the defendant was not entitled to take the property *i.e.* in context that it hadn't been abandoned. To summarize then, a violation of § 641 requires knowing conduct, a purposeful result and knowledge that the defendant is not entitled to the property taken. This Court addressed the precise problems identified in *Morissette* in instructions 3 to 8. The government must prove that Grogg knew he was not entitled to the money he claimed. Thus the instructions cover mistakes of fact and mistakes that occupy the border land between fact and law. Thus a traveler may be reimbursed for travel expenses of a child who is over 21 where he obtains pre-authorization where the child is physically or mentally disabled. A mistake as to whether a child was disabled involves a mixed question of fact and law. The legal prong involves the definition of disabled and the factual prong involves the

---

[4] For purposes of analysis it is useful to use the structure set out in the Model Penal Code even though we recognize that Congress declined to adopt a federal penal code based on the Model penal code. See *Liparota v. United States*, 471 U.S. 419, 426 n.9 (1985) (using the Model Penal Code in its discussion of *mens rea*). Model Penal Code § 2.02 General Requirements of Culpability. (U.L.A. Penal Code § 2.02). Briefly, the code divides the *actus reus* of an offense into conduct, result and surrounding circumstances. While *mens rea* is divided into purpose (intent), knowledge, recklessness and criminal negligence. In order to determine the significance of the *actus reus* features and the *mens rea* features it is necessary to figure out what it is that Congress wishes to penalize. In other words, what aspects of an offense did Congress focus upon. In common law terms, where Congress is primarily aiming at conduct the offense will be considered a general intent crime and a *mens rea* of knowing conduct will suffice. Where Congress is primarily concerned with the result of the conduct a *mens rea* of purpose or intent will be required and in common law terms the offense will be considered one of "specific intent"

condition of the child. Instruction 8 would permit a mistake defense that turned on the condition of the child.[5]

To summarize 18 U.S.C. § 641 has been interpreted as adopting a consolidation of common law theft offenses expanded to eliminate common law anachronisms. It describes a theft offense where the victim is the United States. *Morissette v. United States*, 342 U.S. 246, 261-270, 271-74 (1952). In *Morissette* the court considered both the actus reus and the mens rea needed for a conviction of theft of government property. *Id.* at 274. The *actus reus* is taking and carrying away the personal property of the United States. The *mens rea* is taking money you know you are not entitled to with the intent to keep it. Thus the court noted: "he [the defendant] must have knowledge of the facts, though not necessarily the law, that made the taking a conversion." *Id.* at 271; *compare Staples v. United States*, 511 U.S. 600 (1994) (government must prove that defendant knew that his firearm had factual characteristics that brought it within statutory definition of machine gun though defendant need not have known of the statute or the definition). In this case the elements of the offense described in § 641 are set out in instructions 3 and 4 (lesser offense of misdemeanor theft) and elaborated upon in instructions 5-8.

*Cheek* addresses a different complex of issues. Noting that the IRC and its regulations created a significant risk that people might innocently file incorrect and inaccurate returns, the court imposed a knowledge of the law requirement for tax prosecutions and held that a good faith but mistaken belief that a particular course of conduct was justified by the law no matter how unreasonable that belief would constitute a defense. In reaching this conclusion, the court relied in part on Congress' decision to require that the defendant act "willfully." It noted that the term willful has various meanings but in context concluded that it implied knowledge of wrongdoing. *See United States v. Henderson*, 243 F.3d 1168 (9th cir. 2001) (where regulation required

---

[5] The definition of dependent in the regulation relied upon by the government suggests another mistake of fact defense: Apparently a parent may seek reimbursement for a child who is under 21 on the date the traveler reports for duty at his new permanent duty station (PDS) even if the child is older when she actually travels *i.e.* when the child does not accompany her parent but delays her travel. A good faith mistake regarding the traveler's date of arrival at his new PDS or the child's date of travel would be a viable mistake of fact defense. Here, however, Grogg both represented an incorrect date of birth and that the daughter accompanied him and was present at his new PDS at the same time he was, she did not delay her travel.

"willful" violation defendant must know of regulation in order to be convicted of violating it). Grogg recognizes that Congress did not use the term "willfully" in § 641 but argues that the government did use it in the indictment suggesting to Grogg that the government concedes that his knowledge of the regulations is in issue. Further, Grogg seems to argue, while he is accused of violating a statute not a complicated set of regulations. The criminality of his conduct turns on his entitlement or lack of entitlement to the funds he claimed. In order to evaluate his entitlement it is necessary to review the regulations governing government employee travel. Compare *Liparota v. United States*, 471 U.S. 419 (1985) (to convict of food stamp fraud the government must prove that the defendant knew that his acquisition or possession of food stamps was in a manner unauthorized by statute or regulation).[6/] Understandably, the United States Supreme Court and the ninth circuit have been hesitant to expand the *Cheek* holding to other areas of the law. *See United States v. Hancock*, 231 F.3d 557 (9th Cir.2000) (defendant may be convicted of possessing firearm after having been convicted of domestic violence without proving he knew he was prohibited from possessing firearms). While the government may stipulate with the defendant to a fact, the parties cannot bind the court to a wrong interpretation of the law. *United States v. Jacques Dessange, Inc.*, 103 F.Supp.2d 701 (S.D. N.Y.2000) (where statute does not require that defendant act willfully mention of willfully in indictment may be disregarded). It is clear that Congress did not require knowledge of the law when it enacted § 641. Assuming that Grogg must have "knowingly" engaged in conduct, his knowledge must be of the facts not the law. *See e.g. Bryan v. United States*, 524 U.S. 184, 192-93 (1998) (a knowing violation of a statute requires factual knowledge as distinguished from knowledge of the law).

Bearing in mind that in order to convict Grogg under the government's theory of the case the jury must find beyond reasonable doubt that Grogg made false representations of material fact, knowing that the facts represented were false, in order to obtain the disputed funds there is

---

[6/] The *Liparota* majority saw knowledge that receipt of food stamps was unauthorized as knowledge of a fact rather than knowledge of the law. See *Liparota*, 471 U.S. at 426 n.9. This seems to be consistent with the holding in *Bryan* which distinguishes between knowing that conduct is illegal and knowing that it is unlawful. Thus a person who obtains property by consciously misrepresenting the facts must know that his actions are wrongful even if he doesn't know the precise law or regulation that his conduct violates.

no danger that innocent conduct will be punished. *See e.g. United States v. Pasillas-Gaytan*, 192 F.3d 864 (9th Cir.1999) (stressing the importance of knowing that representations are false *i.e.* deceit in a finding of *mens rea*).

IT IS THEREFORE ORDERED:

Grogg's request that the court instruct on a mistake of law defense is DENIED.

Dated: June 18, 2007.

                                                            s/ James K. Singleton, Jr.
                                                            JAMES K. SINGLETON, JR.
                                                            United States District Judge