UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DOUGLAS ELDON GROGG,<br><br>　　　　　Defendant. | No. 2:06-cr-0008-JKS<br><br>ORDER SCHEDULING BAIL REVIEW |

　　　　On June 18, 2007, Douglas E. Grogg, was tried to a jury and convicted of the crime of theft of government funds. 18 U.S.C. § 641.  The maximum penalty was 10 years; $250,000 fine, three years of supervised release and a $100 special assessment.  Alternatively, Grogg was eligible for a probationary sentence of up to five years.  The Court held a sentencing hearing on September 27, 2007.  The probation officer found that Grogg was in Criminal History Category I and that his offense level was 8.  He was thus vulnerable to a Guideline sentence of 0 to 6 months, supervised release of 2 to 3 years, a fine of $1,000 to $10,000, restitution of $5,099 and a special assessment of $100.  Grogg and his counsel agreed that they had reviewed the Pre-Sentence report and had no objections.  The Government had also read the report and noted that it overlooked a prior conviction that Grogg had for a state conviction for Welfare Fraud, CAL. WELF. & INST. CODE § 10980(c)(2).  The Probation Officer acknowledges the omission and Grogg had previously conceded this conviction.  The Government had no other objections.

　　　　The Probation Officer recommended that Grogg be given a three-year probationary sentence and required to pay restitution in the amount of $5,099, as well as the $100 special assessment.  The Government asked for a prison sentence of four months (120 days) followed by supervised release.

　　　　No party called witnesses.  The Court heard allocution from Grogg and allowed counsel to sum up.  The Court determined that the Pre-Sentence Report accurately determined the

applicable Guidelines and that there was no basis for a departure.[1] The Court recognized that the Guidelines were now discretionary and not mandatory and discussed at length the interplay between the Guidelines and 18 U.S.C. § 3553(a).[2] The Court noted that the Guidelines do address all of the factors mentioned in § 3553 and assign them weight, though the weight assigned would not always be the weight judges acting independently would have assigned to the § 3553 factors. On balance the Court concluded that a Guideline sentence was appropriate. First, neither party suggested any basis for deviation. More important, the Commission in establishing guidelines for theft related offenses, at least at the lower level where Grogg's thefts are found, did attempt to study actual sentences being imposed throughout the country and arrive at averages. Since Grogg refuses to acknowledge any guilt, blaming others for his present state, it is important that he understand that he is receiving an average sentence for what he did, not an idiosyncratic sentence by a single judge.

The Court carefully considered the Probation Officer's suggestion that straight probation was appropriate. But for Grogg's prior conviction that might have been appropriate. Where, however, Grogg was previously convicted of a similar offense, served no prison time, and then re-offended, the Court concluded that straight probation at this time would unduly depreciate the seriousness of Grogg's conduct. The Court therefore imposed a sentence of ninety (90) days

---

[1] Since Grogg's prior crime and the crime of conviction were very similar offenses involving cheating, lying and theft, the Court considered an upward departure in Criminal History to Level II, *see* USSG § 4A1.3, on the theory that Criminal History I as defined in the Guidelines essentially presumes that a person is harmless, and an unlikely recidivist and that his/her sentence should be determined by the offense level. In Grogg's case it is not likely that he will refrain from theft related offenses in the future. For other reasons the Court declined to depart and determined that a Guideline sentence would properly address the risk of recidivism.

[2] It is not necessary to repeat that discussion here. Suffice to say the Court concluded that the Commission in reliance on hints from Congress had determined to measure the risk of recidivism and consequent risk a convict poses to the community along the horizontal axis of the grid, allowing only criminal history to be considered as a predictor of future crime. This decision addresses the factors of special and general deterrence, rehabilitation and, where a person can neither be rehabilitated or deterred, incapacitation. In contrast, retribution, and, what some philosophers call the expressive function of punishment, community condemnation as well as the affirmation or re-affirmation of community norms is addressed on the vertical axis in calculating an offense level.

incarceration, restitution and the special assessment.  The Court accepted the Probation Officer's recommendation that no fine be imposed in light of Grogg's financial situation.[3]

The Court granted Mr. Wiseman's motion to withdraw and appointed Mr. Karowsky, who entered his appearance.

The Court denied Grogg's motion for new trial.  The Court was concerned that the motion appeared frivolous.  The motion did not satisfy any of the elements of Federal Rule of Criminal Procedure 33(a).

The Court provisionally reviewed 18 U.S.C. § 3143(b) and concluded 1) that Grogg is not likely to flee and 2) the danger he poses to the community is that he will, if he sees an opportunity, steal, but probably in small amounts.  The Court concluded that while it expected Grogg would appeal, it assumed that the appeal would be for purposes of delay[4] and that Grogg could not raise a substantial question of fact or law likely to result in a benefit.  While in any trial the possibility of error exists, the Court was confident that any errors would be harmless since the evidence against Grogg was overwhelming and the jury was specifically instructed that in order to find Grogg guilty they had to find that he took money he knew he was not entitled to receive.

Grogg is free to renew a request for bail pending appeal.  If he does, he must identify specific questions of fact or law which are substantial, *i.e.* more than frivolous and which might lead to a reversal, new trial or shortened sentence.  *See United States v. Montoya*, 908 F.2d 450 (9th Cir. 1990); *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985); *United States v. Hickey,* 2006 WL 1867708 (N.D. Cal. July 6, 2006).  The test as defined in *Handy* is very similar to the test for a certificate of appealability under 28 U.S.C. § 2253.  Grogg must identify specific issues

---

[3] Grogg argued through counsel that the loss of his career and current financial hardship was punishment enough.  Grogg is in error.  If you steal from your employer and he finds out, you will probably be fired and, if other employers learn of your theft, may have a hard time finding new work.  That is a natural consequence of your acts.  Punishment is something more imposed to serve the goals of § 3553(a).  The same is true of those who are shot and crippled in the course of a robbery, while unfortunate, that is a natural consequence of robbery, not a punishment.  Finally, the Court considered Grogg's family situation, the needs of his wife and children but concluded that his situation did not warrant a less than Guideline sentence.

[4] The history of this case discloses heroic efforts by Grogg to do everything in his power to delay this case.

and demonstrate that on the existing record reasonable jurists could differ regarding the result, and if a result favorable to Grogg was reached, a new trial or reversal would likely follow.

Grogg has filed a motion for bail at Docket No. 86. That motion does not satisfy *Montoya* because it does not identify any substantial issue. The Court will therefore allow Grogg to file a supplemental brief identifying specific non-frivolous issues which theoretically could result in a reversal or a new trial. Grogg should file his supplemental brief supported by citations to the record and supporting case law on or before October 17, 2007. The Government may respond by October 31, 2007. And if the Government responds, Grogg may reply on or before November 7, 2007. After the Court reviews the pleadings, the Court will determine whether an evidentiary hearing or oral argument is warranted, and if it determines that a further hearing would be helpful will schedule it.

Dated: October 3, 2007.

                                                                         s/ James K. Singleton, Jr.
                                                                         JAMES K. SINGLETON, JR.
                                                                         United States District Judge