UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>DOUGLAS ELDON GROGG,<br><br>           Defendant. | No. 2:06-cr-0008-JKS<br><br>ORDER DENYING BAIL<br>PENDING APPEAL |

      Douglas Grogg was convicted of theft of government funds and sentenced *inter alia* to a term of ninety days imprisonment.  His request for bail pending appeal was initially denied with leave to make a supplemental application.  Grogg has filed a supplemental application.  Docket No. 92.  The Government has filed an opposition.  Docket No. 95.  Grogg has replied.  Docket No. 97.

      In reviewing an application for bail pending appeal, a court must recognize that bail is no longer presumptive.  In order to obtain bail, or more accurately, release pending appeal, a convicted person must prove:  1) that he is not a flight risk or a danger to the public; 2) that his appeal is in good faith and not for purposes of delay; and 3) that he will advance one or more non-frivolous claims on appeal.  *United States v. Handy*, 761 F.2d 1279, 1279-80 (9th Cir. 1985); 18 U.S.C. § 3143(b)(1).[1]

---

[1] The term frivolous when applied to legal claims can be viewed either subjectively, is the claim advanced in good faith or does the claimant know it is meritless, or objectively, regardless of the claimant's beliefs, could reasonable judges differ regarding the claim.  Since the claimant's good faith, and whether the appeal is simply for delay is a separate issue, in determining frivolousness we consider the matter objectively and ask if the claim or claims can be determined by existing authority, and if so, can a reasoned argument be made for changing existing law in the claimant's favor.  Where reasonable judges could not differ regarding the issue but would unanimously reject it under existing law, and no argument can be made to change that law about which reasonable judges might differ, the claim is objectively frivolous.

This Court addressed this case in light of *Handy* in an earlier order and will not repeat that discussion here. *See* Order at Docket No. 90. Suffice it to say, the Court concluded that: 1) Grogg's appeal was probably for the purpose of delay given the heroic efforts he previously engaged in to delay trial; 2) Grogg was unlikely to flee and posed no danger to the public, except possibly petty theft; and 3) Grogg could not make a non-frivolous claim on appeal given the overwhelming evidence of guilt. *See id*. Grogg seeks to address these findings in his Supplemental Brief.[2]

In his first application for release pending appeal, Grogg essentially argued that this Court erred in denying his motion for a new trial based upon newly discovered evidence. *See* Docket Nos. 86 and 81. Specifically, Grogg argued that the loss to the government was incorrectly calculated at trial based on newly discovered per diem rates. Grogg however is mistaken, the newly discovered per diem rates did not apply to him. Government employees relocating to a different office within the United States can be reimbursed their temporary lodging expenses based on either an itemization of actual expenses for 120 days, or a flat per diem rate for 30 days. The maximum per diem rate of reimbursement for these two methods are different. *See* Docket No. 82, Exs. B and C. Under the actual expense method, an employee's reimbursement is based on the standard per diem rate for the Continental United States ("CONUS") regardless of the locality to which the employee is moving. *See id.*, Ex. B. Under the fixed method, reimbursement is based upon a per diem rate that varies by locality. *See id*., Ex. C.

The Court is convinced that Grogg had an election between a flat per diem or itemization of actual expenses, and that he knowingly, intelligently and voluntarily chose the latter. Grogg further chose to claim reimbursement in his itemization for his wife, adult daughter, and minor son. Unfortunately for Grogg, the government discovered that Grogg was not entitled to any expenses for his children because his daughter was over the requisite age, and neither his son nor daughter actually relocated with him. As Grogg elected to itemize actual expenses, the standard

---

[2] The Court recognizes that Grogg has newly appointed counsel on appeal replacing appointed trial counsel. New counsel does not have the familiarity with the case that trial counsel did. Nevertheless, the burden on Grogg is not substantial. He need only advance a non-frivolous issue.

per diem rate for CONUS applied, not the locality specific rates which Grogg allegedly just discovered. Grogg's argument was thus objectively frivolous.[3]

Grogg makes two arguments in his supplemental brief. First, he argues that he was entitled to a mistake of law defense along the lines recognized in *Cheek v. United States*, 498 U.S. 192 (1991).[4] The Court addressed this argument in an order dated June 18, 2007. Docket No. 65. Specifically, the Court noted that while Grogg argued that the regulations governing travel reimbursement were voluminous and confusing, he never pointed to a specific regulation that confused him or explained his undisputed conduct. More importantly, Grogg's conviction was predicated on a finding that he falsely represented material facts to obtain the disputed funds--that he lied about his daughter's age and the whereabouts of his children. The jury was informed of the mistake of fact defense, and told that if Grogg was confused about his daughter's age, or the whereabouts of his children, that Grogg was entitled to a not guilty verdict. To convict him, the jury had to find that he knowingly lied to the government in order to obtain money that he knew he was not entitled to receive.[5] In summary, it is highly unlikely that a panel of the Ninth Circuit would hold that mistake of law is a defense to theft of government

---

[3] The government documented the great efforts to which Grogg went in his efforts to cheat the government. The evidence regarding Grogg's *mens rea* was overwhelming. Thus, even if the amount of the theft was less based on the newly discovered per diem rates, amounting to a misdemeanor, it is not at all clear that Grogg would have received a lesser sentence given his prior theft conviction. Additionally, even if Grogg's argument was sound, he waived it by not presenting it before the jury went out. Grogg's argument does not go to newly discovered evidence. At most, it reflects a newly asserted legal theory regarding which per diem rate applied. There is no possibility that an appellate court would grant Grogg relief on this ground.

[4] In context, *Cheek* holds that it is a defense to a claim of tax fraud that the defendant filed returns in a good faith but unreasonable belief that the returns were valid. Applying a *Cheek* defense in this case is difficult because Grogg received instructions permitting a mistake of fact defense. Grogg was charged with misrepresenting his daughter's age and the fact that his daughter and son were with him during the time he claimed reimbursement for their expenses. Under the instructions, If Grogg had a good faith but mistaken belief regarding his daughter's age or her whereabouts and the whereabouts of his son the jury would have acquitted him. Grogg has never pointed to a regulation which no matter how generously interpreted would allow an employee to claim expenses for a son and daughter who did not incur them or for a daughter whose actual age was older than the employee represented it to be.

[5] It is Grogg's constant lying that undermines any current claim of mistake. If Grogg was under the mistaken belief that he could claim his adult daughter as a dependant for purposes of reimbursement, why did he lie about her age?

property. Even if it did, Grogg has not come forward with evidence that would permit a mistake of law defense were one available.

Grogg's second contention in his supplemental brief is that one or more of his supporters observed Government witness Bach Pham talking to one or more jurors during a recess in violation of an admonition which the Court gave to the jury, the parties, the lawyers and the witnesses at the commencement of trial. The issue was raised during trial and an evidentiary hearing held. Bach Pham testified under oath and subject to cross-examination. He denied speaking to any juror. The Court inquired of the jury. No juror testified to a contact with Bach Pham. One or more jurors did mention an innocuous contact with a member of the defense team. Given the results of the evidentiary hearing, Grogg's counsel indicated that he was satisfied and no further inquiry was made. This issue is frivolous.

In summary, the evidence against Grogg was overwhelming. The jury could only find Grogg guilty if it was unanimously convinced beyond reasonable doubt that Grogg lied in order to obtain funds he knew he was not entitled to receive. Grogg's alleged errors are frivolous. He is not entitled to bail on appeal.

Dated: November 16, 2007.

                                                  s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge